DECISION
This matter is before the Court on Defendant Schachne's Motion for Application of Massachusetts Law to the Issue of Comparative Negligence, This matter was previously raised before Superior Court Justice Vogel at which time it was denied. Subsequently, Defendant's Petition for certiorari was denied by the Rhode Island Supreme Court.
"It is the defendant's contention that the Superior Court Justice who previously addressed this choice of law issue erred in her application of the Rhode Island choice of law analysis to the facts of this case." This Court has reviewed the transcript submitted by Defendant, of the hearing over which Judge Vogel presided, the memoranda of both parties, and the applicable law in Rhode Island.
The facts in this case are well known and have been recited in previous decisions. For the purpose of this motion, the Court accepts the facts exactly as the Defendant has stated in hisMemorandum supporting this motion. For the following reasonsthis Court is denying the Defendant's motion.
First the Defendant raised this motion and his arguments in support thereof before Justice Vogel. After evaluating the appropriate law and Defendants assertions, Justice Vogel issued her decision. It is not for this Court to question that judgment especially when the Supreme Court of our State refused to do so.
Second, even if we were to agree with the Defendant that Justice Vogel applied the incorrect test, this Court finds that Rhode Island law would still govern under the test put forth by Defendant. As Defendant states, Brown v. Church of Holy Name,105 R.I. 322, 252 A.2d 176 (1969) states that in ascertaining which jurisdiction's law applies to a particular case, the court must consider:
 1. the place where the injury occurred,
 2. the place where the conduct causing the injury occurred,
 3. the domicile, residence, nationality, place of incorporation and place of business of the parties and
 4. the place where the relationship, if any, between the parties, is centered.
Other factors to be considered are:
 5 predictability of result
 6 maintenance of interstate and international order;
 7. simplification of judicial task;
 8. advancement of the forum governmental interests; and
 9. application of the better rule of law.
Defendant's Memorandum of Law Supporting Motion, citing Cribb v.Augustyn, 696 A.2d 285 (R.I. 1997) (citing Pardey v. BoulevardBillard Club, 518 A.2d 1349, 1351 (R.I. 1986). It is undisputed that Peter Cotsoridis was a Rhode Island resident who died in Rhode Island. It is further undisputed that Dr. Johnson, a Rhode Island physician, telephoned Dr. Schachne from his Rhode Island office in order to consult with him about their shared patient. Dr. Schachne keeps an office and practices in Massachusetts but he advertises in Rhode Island and treats patients from this state. These facts all point to Rhode Island law being applicable to this situation.
This conclusion is further strengthened after a consideration of the other factors listed in Cribbs. As there is a Rhode Island defendant, this Court will be applying Rhode Island law to the core claims of negligence. The jury will be issued the appropriate instructions applying this state's laws. It would not simplify the judicial task to bifurcate the application of law between plaintiffs' claims and defendant's affirmative defense. The interests of neither state will be adversely affected by the use of Rhode Island rather than Massachusetts law.
For the aforementioned reasons, this Court must deny the Defendant's motion.